**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4727**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN CHRISTIAN PARKER,

Defendant - Appellant.

**No. 24-4218**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN CHRISTIAN PARKER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00062-TDS-2)

Submitted:  October 30, 2025                           Decided:  November 3, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  John J. Korzen, Director, Daria Elizabeth Brown, Student Counsel, Ryan Valerio, Student Counsel, Appellate Advocacy Clinic, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Christian Parker pled guilty to attempted interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a).  The district court sentenced Parker to 148 months' imprisonment after finding that the 18 U.S.C. § 3553(a) factors warranted an upward variance from the advisory Sentencing Guidelines range.  Parker appeals, arguing that his sentence is procedurally and substantively unreasonable.  For the following reasons, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether [the sentence is] inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation modified).  In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id*.  While a district court must address the "central thesis" of each sentencing argument, it is "not also required to address separately each supporting data point marshalled on its behalf." *Id.* at 214.

Parker first contends that the district court erred procedurally by failing to consider several of his nonfrivolous mitigating arguments and failing to explain how the § 3553(a) factors supported the imposition of the upward variant sentence.  Our review of the record confirms that the district court either engaged with the contested arguments directly or addressed their central theses during its canvassing of Parker's history and characteristics. Additionally, the court conducted an individualized assessment of the sentencing factors

3

as they pertained to Parker, and explained how each factor counseled in favor of the sentence it imposed.

Parker next argues that his above-Guidelines sentence is substantively unreasonable. If the district court has not committed procedural error, we then assess the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (citation modified). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* at 215 (citation modified). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (citation modified). Our review of the record leads us to conclude that the district court adequately justified the upward variance imposed and that Parker's 148-month sentence is substantively reasonable based on the factors the court identified.

We therefore affirm the judgment of the district court. We deny Parker's motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process, and affirm the criminal judgment.

*AFFIRMED*

4